UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

YASIR MEHMOOD et al.,

Petitioners,

v.

U.S. MARSHALS SERVICES,

Respondent.

Case No. 2:16-cv-00216-APG-VCF

**SCREENING ORDER**

Petitioners Yasir Mehmood, Charles Granderson, Tineimalo Adkins, Cameron Bell, Dana Casaus, Yared Retta, and VanDemere Gipson are federal pretrial detainees housed at the Nevada Southern Detention Center ("NSDC").[1]  (ECF No. 1-1 at 1, 3). Petitioners have filed a petition for writ of mandamus under 28 U.S.C. § 1361 and three motions to render judgment on the petition. (ECF No. 1-1, 4, 5, 6).  Petitioner Mehmood has filed an application to proceed *in forma pauperis*.  (ECF No. 3).

I. **PETITION FOR WRIT OF MANDAMUS**

In the petition for writ of mandamus, Petitioners allege the following:  Petitioners are Muslims who seek a writ to direct the U.S. Marshals Service to provide them halal-certified meals in compliance with Islamic dietary laws. (ECF No. 1-1 at 1).  Petitioners have filed grievances and appeals at the NSDC and have been told that the "facility

---

[1] The NSDC, a Corrections Corporation of America facility located in Pahrump, Nevada, contracts with the the U.S. Marshal's Service for federal pretrial detention.  *See* CCA at http://www.cca.com/facilities/nevada-southern-detention-center (last visited on June 29, 2016); *see also* U.S. Marshals Service at http://www.usmarshals.gov/prisoner/index.html (last visited on June 29, 2016).

doesn't offer halal diet." (*Id.* at 2). The facility's chaplain has told Petitioners that Muslims at the facility consume kosher diets which have been certified by the Islamic Services of America ("ISA"). (*Id.*) However, Petitioner Mehmood contacted the ISA to inquire about the halal certification and the ISA responded that it had not given a halal certification to any kosher diet or program. *(Id.* at 2, 7). Petitioners assert that kosher diets are for the Jewish faith and not for Muslims. (*Id.* at 2). Petitioners seek a writ directing the U.S. Marshals to provide a halal-certified diet or to transfer them to a Bureau of Prisons facility which serves halal diets. (*Id.* at 3).

Pursuant to 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus relief is only available to compel an officer or agency of the United States to perform a duty if: (1) the plaintiff's claim is clear and certain; (2) the duty of the officer is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available. *Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986).

The Court denies Petitioners' petition for writ of mandamus because Petitioners have not satisfied the three-part mandamus test. First, Petitioners have not established that their claim to a halal diet is clear and certain. They have not cited to any authority which establishes their clear right to a halal diet while in pretrial detention. Second, Petitioners have not established that the U.S. Marshals Service has a ministerial duty to serve halal diets to pretrial detainees. Finally, the Court finds that Petitioners have the ability to file a 42 U.S.C. § 1983 complaint and seek injunctive relief against the employees of the NSDC for halal diets.[2] As such, the Court denies the petition for writ of mandamus (ECF No. 1-1) and the motions to render judgment on the petition (ECF

---

[2] Although the Supreme Court has limited an inmate's ability to bring a *Bivens* damages action against a private entity under contract with the federal government and its employees, the Supreme Court has acknowledged an inmate's ability to bring a suit to federal court for injunctive relief against the federally contracted private entity. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001) (holding that inmates have full access to remedial mechanisms established by the federal agency, including suits in federal court for injunctive relief).

No. 4, 5, 6). However, the Court will treat the petition as a § 1983 complaint and screen the petition as if it were filed as a § 1983 complaint.

## II. SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for

1  failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of
2  facts in support of the claim that would entitle him or her to relief.  *See Morley v. Walker*,
3  175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the court takes as true
4  all allegations of material fact stated in the complaint, and the court construes them in
5  the light most favorable to the plaintiff.  *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957
6  (9th Cir. 1996).  Allegations of a *pro se* complainant are held to less stringent standards
7  than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).
8  While the standard under Rule 12(b)(6) does not require detailed factual allegations, a
9  plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp. v.*
10 *Twombly,* 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause
11 of action is insufficient.  *Id.*

12 Additionally, a reviewing court should "begin by identifying pleadings [allegations]
13 that, because they are no more than mere conclusions, are not entitled to the
14 assumption of truth."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "While legal
15 conclusions can provide the framework of a complaint, they must be supported with
16 factual allegations."  *Id.*  "When there are well-pleaded factual allegations, a court
17 should assume their veracity and then determine whether they plausibly give rise to an
18 entitlement to relief."  *Id.*  "Determining whether a complaint states a plausible claim for
19 relief . . . [is] a context-specific task that requires the reviewing court to draw on its
20 judicial experience and common sense."  *Id.*

21 Finally, all or part of a complaint filed by a prisoner may therefore be dismissed
22 *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact.  This
23 includes claims based on legal conclusions that are untenable (e.g., claims against
24 defendants who are immune from suit or claims of infringement of a legal interest which
25 clearly does not exist), as well as claims based on fanciful factual allegations (e.g.,
26 fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28
27 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).
28 ///

**III.     SCREENING OF COMPLAINT**

The Court interprets Petitioners' allegations as a claim for violations of the First Amendment's Free Exercise Clause based on the lack of halal-certified meals. The First Amendment to the United States Constitution provides that Congress shall make no law respecting the establishment of religion or prohibiting the free exercise thereof. U.S. Const. amend. I. The United States Supreme Court has held that inmates retain protections afforded by the First Amendment "including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). The Supreme Court has also recognized that an inmate's "limitations on the exercise of constitutional rights arise both from the fact of incarceration and from valid penological objectives–including deterrence of crime, rehabilitation of prisoners, and institutional security." *Id.* During summary judgment, courts evaluate prison regulations alleged to infringe on constitutional rights under the "reasonableness" test set forth in *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). *Shabazz*, 482 U.S. at 349; *see Hrdlicka v. Reniff*, 631 F.3d 1044, 1046-50 (9th Cir. 2011) (analyzing the *Turner* factors applied during summary judgment on appeal).

The Court finds that, in general, Petitioners state a colorable claim for violations of the Free Exercise Clause. Nevertheless, the Court dismisses the case, without prejudice, for each petitioner to file his own case which provides allegations specific to that petitioner. The allegations, as presented in the petition for writ of mandamus, lack the necessary details to proceed in a § 1983 action, including the names of specific defendants who have denied Petitioners halal-certified meals and the dates of the requests and denials of the halal-certified meals. The Court finds that these allegations will be specific to each petitioner and directs Petitioners to file individual § 1983 civil rights complaints and individual applications to proceed *in forma pauperis* in their own individual lawsuits. As such, the Court denies Petitioner Mehmood's application to proceed *in forma pauperis* (ECF No. 3) as moot.

///

**IV.   CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that the application to proceed *in forma pauperis* (ECF No. 3) is denied as moot.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the petition for writ of mandamus (ECF No. 1-1).

**IT IS FURTHER ORDERED** that the petition for writ of mandamus (ECF No. 1-1) is denied.

**IT IS FURTHER ORDERED** that the motions to render judgment on the petition (ECF No. 4, 5, 6) are denied.

**IT IS FURTHER ORDERED** that Petitioners shall not file any more documents in this case.  If Petitioners choose to pursue individual 42 U.S.C. § 1983 civil rights lawsuits based on the allegations in the petition, they may do so by individually filing their own § 1983 complaints and applications to proceed *in forma pauperis* in their own individual cases.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send each petitioner the approved form for filing a § 1983 complaint, instructions for the same, and a copy of the petition for writ of mandamus (ECF No. 1-1).  If Petitioners choose to file their own individual complaints, they must use the approved form.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send each petitioner the approved form application to proceed *in forma pauperis* by a prisoner, as well as the document entitled information and instructions for filing an *in forma pauperis* application.

**IT IS FURTHER ORDERED** that the Clerk of the Court is instructed to close this case and enter judgment accordingly.

Dated:  June 30, 2016.

_____
UNITED STATES DISTRICT JUDGE